This was an action in replevin baaed on the fraudulent purchase of goods, and in which there was a verdict and judgment for the defendant. The errors assigned are chiefly that the verdict is against the weight of the evidence, and that he court erred in refusing to give certain special charges requested by plaint'ff As to the first it is sufficient to say that the verdict is not manifestly against the weight of the evidence. Special charge three, which the court refused to give, is as follows:
“While a mere promise to pay or to do something in the future does not constitute a representation, yet a statement made by a purchaser, as to his future intention respecting a material fact, would be a false representation if at the time the purchaser had no such intention; and the financial and property situation of the purchaser, if known to him, can be considered by the jury as evidence in determining whether such intention could in good faith have been entertained by him. If upon the strength of such representation the goods are sold and delivered, the seller upon discovery of its falsity has the right to rescind the sale and recover the possession of the goods by replevin.”
This charge was designed to cover á statement made by A. E. Burkhardt, the assignor, to-wit:
“The receivership for the A. E. Burkhardt Co. is about to he raised. There are a few legal points to be settled as yet. After that I will reorganize my business on a sound-financial basis, and a- satisfactory statement will be furbished.”
So far as this statement relates to Buikhardt’s financial condition it is only a promise to do something in the future, and as the charge itself admits, does not alone amount' tc a false representation; yet if at the time he had no intention of reorganizing his business on a sound financial basis the *605 statement would amount to a false representation. . On this point the charge is confused and misleading, for it is difficult to understand how a statement would become a false' representation because the purchaser had no present intention as to his future intention respecting a material fact. The meaning intended probably was that if the purchaser had no present intention to do that which he had promised, it would amount to a false representation, and the general charge of the court contains substantially this instruction.
Jacob Schroder, for Plaintiff in Error.
Charles W. Baker, contra.
The remaining error was the refusal of the court to give special charge four, to-wit:
“By the term ‘insolvency of the buyer’ is meant his inability to pay his debts in the usual course of business. It is not necessary that he should have been adjudicated a bankrupt or insolvent debtor; nor. is it necessary that his assets should be less in amount than his liabilities.”
The court was also asked to give, and did give, special charge two, which is identical with the above charge,except the last clause as to assets and liabilities is omitted, which latter clause is simply a negative statement that does not enlarge the definition of insolvency given in special charge two, for by implication the latter includes the former, and although charge four may have been proper, the refusal to give it after giving charge two was not prejudicial to plaintiff.
The judgment will therefore be affirmed.